UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

Eastern District of Kentucky
FILED
JUL 24 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

| | |
|---|---|
| JERRY LYNN HIGH, ) | |
| Petitioner, ) | Civil Action No. 6: 06-258-DCR |
| V. ) | |
| ) | **MEMORANDUM OPINION** |
| D. L. STINE, Warden, ) | **AND ORDER** |
| Respondent. ) | |

\*\* \*\* \*\* \*\* \*\*

Jerry Lynn High, who is currently incarcerated in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. [Record No. 1] He has paid the $5.00 filing fee. [Record No. 4] The matter is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. See *Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. See *Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2), a district court has the authority to dismiss a case at any time if it determines that

1

the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge execution of sentence, such as computation of time to serve. Here, the Petitioner challenges the execution of his sentence, claiming that the Bureau of Prisons ("BOP") has denied him all of the jail time credit (700 days) to which he is entitled under 18 U.S.C. §3585 and *United States v. Smith*, 318 F. Supp.2d 875 (C.D. Col., 2004).

Although the Petitioner has fully exhausted his claims, the BOP's various responses are not entirely clear. For instance, the Petitioner has attached two computer-generated sheets entitled "Sentence Monitoring Computation Data" (SMDC"), one of which is dated March 15, 2005, and one of which is dated May 11, 2006. The BOP awarded the Petitioner different amounts of jail time on each sheet.

## NAMED RESPONDENT

The Petitioner has named D.L. Stine, the warden of USP-Big Sandy, as the Respondent in this proceeding.

## RELIEF REQUESTED

The Petitioner seeks an order from this Court directing the BOP credit his sentence with 700 days of jail time credit to be applied to his federal sentence.

2

## DISCUSSION

At this juncture, the Court would benefit from a clear, chronological, and concise explanation from the United States as to the amount of prior jail time credit, if any, which the BOP is crediting to the Petitioner's federal sentence, and the facts underlying the award of such credit. The Court will also require a clarification as to the discrepancy, if any, between the two SMDC sheets on the issue of credit applied to the Petitioner's federal sentence.

## CONCLUSION

In light of the foregoing, it is hereby **ORDERED** as follows:

(1)     The Clerk of the Court shall serve, by certified mail, return receipt requested, a copy of Record No. 1 and this Memorandum Opinion and Order upon D.L. Stine, Warden of USP-McCreary; the Attorney General for the United States; and the United States Attorney for the Eastern District of Kentucky.

(2)     Respondent, by counsel, shall answer or otherwise defend within sixty (60) days of the date of entry of this Order. Respondent shall also file with his answer all relevant documentary evidence which bears upon the allegations contained in the petition.

(3)     Upon entry of a response herein or upon the expiration of the 60-day time period, the Clerk of the Court shall notify the Pro Se Office.

(4)     Petitioner shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.

(5)     For every further pleading or other document he wishes to submit for consideration by the Court, the Petitioner shall serve upon Respondent, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The

Plaintiff/Petitioner shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to Respondent or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk or which has been filed but fails to include the certificate of service of copies, the document will be disregarded by the Court.**

This 24th day of July, 2006.



Signed By:

*Danny C. Reeves* DCR

**United States District Judge**

4