UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JERRY LYNN HIGH, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 06-258-DCR |
| ) | |
| V. ) | |
| ) | |
| D.L. STINE, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*     \*\*     \*\*     \*\*     \*\*

Jerry Lynn High, who is currently incarcerated in the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. He has also paid the $5.00 filing fee. The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, under 28 U.S.C. §1915(e)(2) a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

1

## CLAIMS AND RESPONDENT

The Petitioner alleges that his sentence violates the Due Process Clause of the Fifth Amendment of the United States Constitution. He seeks additional jail credit on his federal sentence for time served in state custody during three different time periods. The named Respondent is D.L. Stine, the Warden of USP-McCreary.

## ISSUES

The Petitioner complains that the Bureau of Prisons ("BOP") refuses to credit his current federal sentence with approximately twenty months of time he spent in pre-sentence federal custody on various dates during 1989, 1990, and 1991. The Court directed the Respondent to reply to Petitioner's claims with an explanation of how the Petitioner received credit on his federal sentence for time served in state custody and why there appeared to be a discrepancy between two Sentence Monitoring Computation Data sheets. [Record No. 6] The United States has filed its Response [Record No. 25] and the Petitioner has filed his Reply to the Response. [Record No. 28, styled as a "Motion for Order"]

The matter is now fully briefed. The United States has set forth a concise, chronological summary of the Petitioner's various terms of incarceration, both state and federal, dating back to 1989. [Response, Record No. 25, Response, pp. 2-4] The United States claims that the Petitioner has been given all of the credit on his federal sentence for time spent in custody, prior to the commencement of his federal sentence, to which he is entitled. The Petitioner disagrees. There are three specific periods for which the Petitioner claims the BOP should credit his federal sentence. The United States has awarded him credit for the first period of detention, but not the last two.

1. January 27, 1989 to April 7, 1989

According to the Declaration of Sheila R. Mattingly, Supervisory Inmate Systems Specialist at USP-McCreary, the Petitioner was arrested by the Drug Enforcement Agency ("DEA") in North Charleston, North Carolina, on January 26, 1989, for the charge of Distribution of Cocaine. [Record No. 25-1, Decl., ¶ 5] The Petitioner was released on bond April 7, 1989. [*Id.*] According to Mattingly, the Petitioner received custody credit towards his *federal* sentence for this time of detention. [*Id.* at ¶¶ 14, 16]

2. July 7, 1989 to January 9, 1990

Only two months after his release on bond, the Petitioner was arrested in South Carolina by the North Myrtle Beach Police Department on June 1, 1989, on a fugitive warrant issued in Charleston, North Carolina, stemming from the January 26, 1989 state charges. The U. S. Marshals Service obtained temporary custody of Petitioner via a writ of *habeas corpus ad prosequendum* on July 7, 1989, for further prosecution of the Petitioner's federal charges. [Attach. A, Dec. at ¶¶ 6-7] The Petitioner was returned to state custody on January 9, 1990. [*Id.* at ¶ 8] According to Mattingly, the Petitioner was given custody credit towards his state sentence for this time in federal custody. [*Id.* at ¶ 17]

The United States argues that because the Petitioner was in the primary custody of the State of South Carolina and was in federal custody only secondarily pursuant to the writ of *habeas corpus ad prosequendum*, he was given custody credit towards his *state* sentence. The United States argues that the Petitioner is not entitled to credit toward his federal sentence for this temporary time period he spent in federal custody.

3.  January 30, 1990 to July 10, 1990

Federal authorities again obtained custody of the Petitioner pursuant to a writ of *habeas corpus ad prosequendum* on January 26, 1990. The Petitioner was returned to state custody on August 9, 1990. [Attach. A, Dec. at ¶ 8]  Again, the United States argues that because the Petitioner was in the primary custody of the State of South Carolina and was only secondarily in federal custody pursuant to the writ of *habeas corpus ad prosequendum*, he was given custody credit towards his *state* sentence.  The United States argues that the Petitioner is not entitled to credit toward his federal sentence for this temporary time period he spent in federal custody.

State and Federal Sentences

On January 22, 1991, the Petitioner was sentenced in Brunswick County Superior Court on the North Carolina state charges of Trafficking Cocaine by Possession - two counts, Trafficking Cocaine by Transportation, and Conspiracy to Traffic Cocaine by Possession - two counts.  He was sentenced to a 70-year term of imprisonment. [Attach. A, Dec. at ¶ 9] Petitioner was awarded 582 days of jail credit towards this sentence by counting state detention from June 19, 1989, through January 21, 1991.  [*Id.* at ¶ 19]

On July 10, 1991, federal authorities again obtained temporary custody of Petitioner *via* the writ for sentencing.  He was sentenced in the United States District Court, District of South Carolina, on July 17, 1991, to a 360-month term, under docket number CR 2:89-00025, for Attempt and Possess with Intent to Distribute Cocaine. This sentence was ordered to run concurrent with the North Carolina sentence. [Attach. A, Dec. at ¶¶ 10-11]  Because the Petitioner's federal sentence was ordered to run concurrent to his state sentence, the Petitioner began serving his federal sentence on July 17, 1991. [*Id*., ¶ 11]  After the federal sentence was

4

imposed, Petitioner was returned to state custody on August 21, 1991 [*Id.*, ¶ 12], with the federal judgment lodged as a detainer with the state authorities.

                              BOP Credit Calculations

On September 24, 1991, following his federal sentencing, the BOP initially awarded the Petitioner with custody credit towards his federal sentence for all three of the time periods discussed above. However, following review of the Petitioner's computations by the BOP Mid-Atlantic Regional Office on July 30, 2004, the BOP removed custody credit for one of the time periods at issue: January 30, 1990, through July 10, 1990. After the Petitioner arrived at USP-McCreary, the BOP again reviewed the Petitioner's credit computations and determined that the Petitioner had erroneously been given credit on his federal sentence for another timer period at issue: the six-month period between July 7, 1989 and January 9, 1990. Therefore, on August 19, 2005, the BOP removed that amount of credit from the Petitioner's computations.

As a result of the revocation of these credits, the Petitioner was only awarded federal custody credit for one time period at issue: his initial detention, which was January 27, 1989, through April 7, 1989. As noted, the BOP's reason for this decision was that the Petitioner had already been given credit against his *state* sentence for the other two time periods. Specifically, the United States argues that the North Carolina Department of Corrections began the Petitioner's state sentence on January 22, 1991, and awarded him 582 days of jail credit.

According to Mattingly, the BOP arrived at the 582 figure by calculating the jail credit as beginning on June 19, 1989, and ending on January 21, 1991, the day prior to state sentencing. [*Id*. at ¶ 19] The United States acknowledges that there is an eighteen-day period of time, between June 1, 1989 (the date the Petitioner was arrested on a fugitive warrant), and June 18,

5

1989, for which no credit has been awarded. The Petitioner claims that he was in a state jail during this period, but that Mattingly states in her Declaration that the BOP has been unable to verify Petitioner's custody during this time period. [*Id*. ¶¶ 20-21] Mattingly declares that the facilities claim that their records have been purged. [Attach A. Exh. C. to Mattingly Decl.]

Other than that eighteen-day period, the United States argues the Petitioner has received all of the credit on his federal sentence to which he is entitled, that being the period between January 26, 1989, and April 7, 1989. The United States contends that giving the Petitioner credit for the other two time periods would result in an unauthorized doubling of credit. [Mattingly Decl., at ¶¶ 15, 17]

## DISCUSSION

### 1. Prohibition Against Dual Credit

The United States has credited the Petitioner's federal sentence for the period between January 26, 1989, and April 7, 1989. It has awarded this credit under authority of 18 U.S.C. §3585(b), which provides as follows:

> (b) *Credit for prior custody*. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; *that has not been credited against another sentence*. (Emphasis Added)

During this time, the Petitioner was exclusively in federal custody. Except for the eighteen-day period of time between June 1, 1989, and June 18, 1989, when the Petitioner's status as an inmate could not be confirmed, the Petitioner received 582 days of credit on his

6

North Carolina state court sentence for the period of time between June 19, 1989, and January 21, 1991. He received credit on his state sentence for these time periods because he was in the primary custody of state officials, and was only in the temporary custody of federal officials. Despite his lengthy written protests on the issue, the Petitioner has presented the Court with no evidence that the BOP's calculations are in error in this regard.

Given that the state of North Carolina has awarded the Petitioner with 582 days of credit, the Petitioner would not be entitled to receive this same credit toward his federal sentence. Awarding a prisoner with "double credit" for time served is prohibited by 18 U.S.C. §3585(b).

It is regrettable that the BOP initially informed the Petitioner in 1991 that he would be credited for time between: (1) July 7, 1989, and January 9, 1990, and (2) January 30, 1990, and July 10, 1990. Although it is logical that the Petitioner may have counted on the BOP's erroneous representations, the BOP's calculations set forth in its prior statements were simply wrong. Upon discovery of the error, the BOP properly notified the Petitioner.

Under §3585(b), it is the Attorney General, through the BOP, who is authorized to grant a prisoner credit for pre-sentence detention. *Id.*; *United States v. Wilson*, 503 U.S. 329, 333-35 (1992); *United States v. Westmoreland*, 974 F.2d 736, 737 (6th Cir. 1992), *cert. denied*, 113 S. Ct. 1818 (1993). However, in the same statute, Congress has specified that the credits are limited to time "that has not been credited against another sentence." *Id.*

Here, the Petitioner remained in *primary* custody of the state of North Carolina between these two periods of time, and was only secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*. Because the Petitioner was only "borrowed" by federal authorities while in their custody under writ of *habeas corpus ad prosequendum*, he remained

7

in the primary custody of the North Carolina authorities. Thus, the Petitioner is not entitled to "double counting" by receiving credit toward his federal sentence for these same amounts of time.

Time spent in the custody of the United States Marshal pursuant to a federal writ of *habeas corpus ad prosequendum* from state custody does not qualify as federal custody in connection with the federal offense. Time which the Petitioner spent in federal custody pursuant to this writ does not entitle him to credit on his current federal sentence. *Huffman v. Perez*, 230 F.3d 1358, 2000 WL 1478368 (6th Cir. (Ky.)) (Table, unpublished). In *Huffman v. Perez*, Huffman alleged that he was entitled to substantial credit for time during which he was primarily in the custody of the North Carolina Department of Corrections and secondarily in the custody of the United States Marshals, pursuant to a writ of *habeas corpus ad prosequendum*. The Sixth Circuit ruled against Huffman, stating that "[t]he length of time . . . spent on the federal writ of *habeas corpus ad prosequendum* does not require a departure from the general rule prohibiting credit on a federal sentence for time spent serving a state sentence. *See Rios v. Wiley*, 201 F.3d 257, 271-74 (3rd Cir. 2000)." *Huffman* at 1359.

Because Huffman received credit on his state sentence for the period of time in which he had been held secondarily in federal custody pursuant to a writ of *habeas corpus ad prosequendum*, crediting him again for the same time would result in "[i]mproper double credit. *See McClain* [*v. Bureau of Prisons*], 9 F.3d [503] at 505 [(6th Cir. 1993)]." *Huffman* at 1359. *See also Broadwater v. Sanders*, 59 Fed. Appx. 112, 113-14, 2003 WL 463481, **1 (6th Cir. (Ky.) February 20, 2003) (not selected for publication in the Federal Reporter) ("Because Broadwater received credit toward his state sentence for the time period in question, he may not

8

receive credit for this time toward his current federal sentence. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505. If Broadwater were credited for this time against his current federal sentence, he would receive improper double credit. *See* 18 U.S.C. §3585(b); *Wilson*, 503 U.S. at 337; *McClain*, 9 F.3d at 505.").

In *Easley v. Stepp*, 5 Fed. Appx. 541, 2001 WL 252891 (7th Cir. (Ill.)), the Seventh Circuit concluded that Easley was not eligible for credit for time served in a federal facility on a writ of *habeas corpus ad prosequendum*, noting that Easley was still serving his undischarged state sentence in Illinois when he was moved to the federal facility pursuant to the writ, and that the time spent in custody pursuant to the writ was applied to his state sentence. The court held that time spent in federal custody pursuant to the writ did not "transmute" into federal custody, because a prisoner detained under such a writ remains in *primary* custody of the sending state "[u]ntil that sovereign state relinquishes jurisdiction over him." *Easley* at 542.[1]

*McClain*, *Huffman*, and *Easley* control the outcome in the instant §2241 petition. To the extent that the Petitioner was serving his North Carolina state sentence during the months at issue, that time would have been applied to his *state* sentence. He was in the primary custody of that state entity. To award the Petitioner with the credit he demands would result in the award of double credit for the same time served, in violation of 18 U.S.C. §3585(b). The Petitioner is not entitled to a hearing as he has failed to state a claim on this issue.

---

[1] *See also Jones v. Winn*, 13 Fed. Appx. 419, 420, 2001 WL 741733 (7th Cir. (Ill.)) (although Jones was "borrowed" by federal authorities for trial on his federal charges pursuant to a writ of *habeas corpus ad prosequendum*, he remained in the primary custody of Michigan state authorities at all times until completion of his state sentence); *Nguyen v. Department of Justice*, 173 F.3d 429, 1999 WL 96740 (6th Cir.(Ky.)) (time Nguyen spent in federal custody pursuant to *habeas corpus ad prosequendum*, while serving his state sentence, could not be applied to federal sentence because the time was credited to his state sentence).

## 2. Application of *Kayfez v. Gasele*

As noted, §3585(b) prohibits the award of double credits. There are some limited exceptions to that rule, one of which is set forth in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993). Pursuant to *Kayfez,* if the non-federal and federal sentences are concurrent, and the Raw Expiration Full Term ("EFT") date of the non-federal term is greater than the Raw EFT of the federal term, and if the non-federal Raw EFT, after application of qualified non-federal presentence time, is reduced to a date that is earlier than the federal Raw EFT, then a prisoner is entitled to pre-sentence credit to both his federal and state sentences.

In Warden Stine's September 30, 2005, Response to the Petitioner's BP-9 "Request for Administrative Remedy"[*See* Record No. 25-5], he carefully explained why the Petitioner does not meet the criteria specified in *Kayfez* and cannot avail himself of the *Kayfez* ruling. Stine explained that the Petitioner's state court conviction date was January 22, 1991. He received a seventy year sentence, which caused his non-federal Raw EFT to be January 21, 2061. After receiving credit on that state sentence for one year, seven months, and five days' time (582 days), his projected satisfaction date on that sentence is June 19, 2059.

He next explained that the Petitioner's federal sentence began on July 17, 1991, and he received a thirty year sentence. Thus, his federal Raw EFT date is July 16, 2021. Clearly, the non-federal Raw EFT date of January 21, 2061, exceeds the federal Raw EFT of July 16, 2021. Stine's computations reflect that, even after application of the qualified non-federal presentence time of 582 days, the non-federal EFT of June 19, 2059, still exceeds the federal Raw EFT. The Court agrees with Warden Stine that under these facts, no *Kayfez* situation exists and the Petitioner's sentence computation is correct.

*Dent v. Zenk*, 408 F. Supp.2d 103 (E. D. N.Y. January 5, 2006), *affirmed*, 2006 WL 3421800 (2d Cir., November 27, 2006), explains that *Kayfez* is not an automatic basis on which a federal prisoner can demand credit when a concurrent state sentence is imposed. The district court in *Dent* explained as follows:

> Petitioner's reliance on *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir.1993), is misplaced. *Kayfez* involved multiple unique circumstances including that the concurrent state sentence was vacated, effectively eliminating the state credit, and then reimposed. It is clear that the Court, in crediting petitioner with pre-sentence detention time, reasoned that it was not violating the prohibition on double credit. In any event, no such extraordinary circumstances as existed in *Kayfez* exist here. That, as in *Kayfez*, a concurrent sentence was imposed, does not mean that the prohibition on double credit does not govern. In certain circumstances, a judge may consider that a defendant has already served state time on a related offense in granting a departure under the United States Sentencing Guidelines. *See* discussion in *U.S. v. Fermin*, 252 F.3d 102, 109-12 (2d Cir.2001). But that does not mean that a court may order the BOP to violate 18 U.S.C. 3585(b).

*Dent v. Zenk*, 408 F. Supp.2d at 106.

### 3. *Charles v. Chandler* Precludes Remaining Claims in Petitioner's Reply

The Court will briefly address the newly asserted, additional claims which the Petitioner raised in his December 21, 2006 Reply/"Motion." [Record No. 28] He states that he seeks not only the award of jail credits, but also a finding that he is "actual innocent"{sic} [*Id.*] In summary, the Petitioner challenges various aspects of his federal conviction, claiming: (1) the original indictment has been lost; (2) a DEA agent lied and was forced to retire; and (3) another DEA agent refused to investigate claims of agency wrongdoing which the Petitioner. The Court will not entertain these claims, as the record [Petition Form, pp. 2-3, Record No. 1] reflects that in 1993, the Petitioner filed a Motion to Vacate his sentence under 28 U.S.C. §2255 in the trial court.

11

It appears that the Petitioner raised similar grounds at that time, and that the trial court rejected those challenges and denied his §2255 motion on July 25, 1994. The Petition Form further reveals that the Petitioner's efforts to assert a second or successive §2255 motion was denied on November 20, 1998.

In *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit established the threshold which must be met in a §2241 petition challenging a conviction or sentence. *Charles* requires that a petitioner demonstrate that his remedy under §2255 is truly "inadequate" or "ineffective," and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard. *Charles*, 180 F.3d at 757. The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter. *Id.* at 756. *Charles* establishes that the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed under §2255. *Id*.

Here, the Petitioner has not met his burden. His claims of actual innocence are without merit. Therefore, the petition will be dismissed with prejudice for failure to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(ii).

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The §2241 petition for habeas corpus [Record No. 1] is **DENIED.**

(2) The Petitioner's "Motion for Order"[Record No. 28] is **DENIED** as **MOOT**.

(3) This action is **DISMISSED WITH PREJUDICE**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the named Respondent.

This 5th day of January, 2007.



Signed By:
*Danny C. Reeves* DCR
United States District Judge